**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4101**

─────────

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

KEVIN LYNDELL DAVIS,

> Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:07-cr-01177-RBH-1)

─────────

Submitted:  July 21, 2009          Decided:  August 25, 2009

─────────

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Kevin Lyndell Davis pled guilty to Hobbs Act robbery, 18 U.S.C. § 1951(a) (2006). The plea agreement specified that a six-year sentence was appropriate; this provision was binding upon the district court upon acceptance of the plea agreement. See Fed. R. Crim. P. 11(c)(1)(C). Davis accordingly was sentenced to six years in prison. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Davis' guilty plea was valid and his sentence reasonable, but stating that there are no grounds for appeal. Davis was notified of his right to file a pro se supplemental brief but has not filed such a brief. We affirm.

Our review of the transcript of the plea colloquy discloses full compliance with Rule 11. Furthermore, the record reveals that Davis entered his plea voluntarily and knowingly and that there was a factual basis for the plea. Finally, we conclude that the six-year sentence is reasonable.

We have reviewed the entire record in accordance with Anders and have not identified any meritorious issues for appeal. Accordingly, we affirm. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes

2

that such a petition would be frivolous, counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED